UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID S. MAURER                          CIVIL ACTION

VERSUS                                   NO: 13-5450

TOWN OF INDEPENDENCE,                    SECTION: R
LOUISIANA, ET AL.

**ORDER AND REASONS**

Defendant Independence Volunteer Fire Department moves under Federal Rule of Civil Procedure 59(e) to alter or amend a portion of the Court's March 2, 2015 Order and Reasons granting in part and denying in part multiple defendants' motions to dismiss.[1]  For the following reasons, the Court grants the motion.

**I.    PROCEDURAL BACKGROUND**

This section 1983 and state-law defamation and "Whistleblower Law" suit concerns plaintiff David Maurer's termination from his position as the chief of the Independence Volunteer Fire Department (Volunteer Department).

The Court's order dismissing Maurer's original complaint held that as an employee of a volunteer fire department, Maurer was not entitled to the procedural protections of the Louisiana Firefighter

---

[1]      R. Doc. 100-1.  The Volunteer Department also moves to dismiss plaintiff's claims against it as alleged in his Second Amended Complaint.  Because the Court grants the motion to amend and dismisses the Volunteer Department, the motion to dismiss is now moot.

Bill of Rights, La. Rev. Stat. § 33:2181, or the Louisiana classified civil service system, so he had no property interest in his employment.[2]  Thus, the Court dismissed his procedural due process claim.  The Court also dismissed Maurer's state law "Whistleblower Law" and defamation claims because he had failed to allege elements essential to each cause of action.  The Court granted Maurer leave to amend his complaint, and Maurer filed an amended complaint.[3]

The amended complaint sought to rehabilitate Maurer's procedural due process claim by providing two new justifications for his alleged property interest in his employment.  First, Maurer contended that although the Volunteer Department was his *nominal* employer, Tangipahoa Parish, acting through its special district, the Fire District, was Maurer's *de facto* employer.[4]  He alleges that Tangipahoa, acting through the Fire District, "has the right to control all of the volunteer fire departments . . . because of its authority concerning personnel and finances."[5]  Second, he argues that he is entitled to the protections of the Louisiana classified civil service system, again relying on his de facto employer argument to support his position.  The amended complaint

---

[2]   R. Doc. 34.

[3]   R. Doc. 39.

[4]   *Id.* at 49.

[5]   *Id.* at 52.

also contains more detailed factual allegations regarding the allegedly defamatory statements made by various defendants.

Before the Court ruled on defendants' second round motions to dismiss, Maurer moved for leave to file a second amended complaint.[6] The second amended complaint primarily added detail to support Maurer's procedural due process claims. It also deleted Maurer's stigma-plus-infringement claim and deleted his defamation claim against all defendants but Mayor of Independence, Michael Ragusa. The Court granted Maurer leave to amend, and relying on the second amended complaint, ruled on defendants' second motions to dismiss.[7] The Court's March 2, 2015 order again held that Maurer was not entitled to the procedural protections of the Louisiana Firefighter Bill of Rights, La. Rev. Stat. § 33:2181.[8] The Court also held, however, that Maurer's factual allegations plausibly supported the inference that the Tangipahoa Fire District retained the right of employee selection, appointment, supervision, and discharge over Maurer. Therefore, Maurer plausibly alleged that his position as fire chief, a potential de facto employee of the Fire District, qualified for classified civil service protection under the Louisiana Constitution.[9] On this basis, the

---

[6]   R. Doc. 80-1.

[7]   R. Doc. 97.

[8]   *Id.* at 24-31.

[9]   *Id.* at 31-34.

3

Court allowed Maurer's due process claim to proceed against both the Fire District and the Volunteer Department.

At issue in the Volunteer Department's motion to amend the Court's March 2, 2015 order is whether Maurer can maintain his procedural due process claim under 42 U.S.C. § 1983, based on his de facto employment with the Fire District, a municipal entity, against the Volunteer Department, a private, non-profit volunteer organization.

## II. FACTUAL BACKGROUND

### A. Parties

Plaintiff David Maurer is the former chief of the Volunteer Department. After he was fired, Maurer sued four groups of defendants--thirteen defendants in all. First, he sued the town of Independence and Independence's mayor, Ragusa. Independence is a political subdivision of Louisiana.

Second, he sued the Volunteer Department and five members of its board of directors: Jeremy Baham, Eric Anthony, Jonathan Tallo, Christopher McKinney, and Anthony Parazzo ("IVFD Defendants"). The Volunteer Department is a domestic corporation that provides fire protection services to Independence and the surrounding area.

Third, Maurer sued Tangipahoa Parish Rural Fire Protection District Number 2 (Fire District), together with two members of the Fire District's Board of Commissioners, Nicholas Muscarello and Carlo Bruno, and the Fire District's administrator, Dennis Crocker

("Fire District Defendants").  The Fire District is a political subdivision of Louisiana.

Finally, Maurer sued Tangipahoa Parish Government, which is also a political subdivision of Louisiana.  Maurer sued all of the individual defendants in their individual and official capacities.

**B.   Alleged Facts**

The second amended complaint alleges that in September 2012, the town of Independence and the Fire District decided to make the Volunteer Department the exclusive provider of fire protection services for Independence and the surrounding area.[10]  In December 2012, Maurer became the chief of the Volunteer Department.[11]  Less than a year later, he was fired.[12]  Maurer alleges that the Fire District and the Volunteer Department, among others, deprived him of his employment without due process of law, along with other alleged wrongs.

To support his de facto employee argument, Maurer alleges that the Fire District provided the funding for fire protection services to the Volunteer Department and regulated the manner in which fire protection services are rendered, including the designated service area, among other matters.[13]  Maurer also alleges that Crocker, as

---

[10]   R. Doc. 99 at 7.

[11]   *Id.* at 8.

[12]   *Id.* at 38-39.

[13]   *Id.* at 5-7.

the Fire District Administrator, exercised direct supervisory control over Maurer,[14] and that the Fire District was involved in Maurer's termination and the preceding investigation.[15] Maurer also attaches or incorporates by reference a number of documents in support of his allegations that he was a de facto employee of the Fire District.

## III. LEGAL STANDARD

Motions filed under Federal Rule of Civil Procedure 59(e) question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). Rule 59(e) is properly invoked "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993). A motion for reconsideration is generally not an appropriate vehicle for advancing new arguments that were available at the time of the original motion. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990).

---

[14]   *Id.* at 11.

[15]   *Id.* at 18, 26-29, 31, 35, 37-41.

6

**IV.   DISCUSSION**

The Volunteer Department argues that the Court should amend or reconsider its earlier order because (1) if the Fire District is proven to be Maurer's de facto employer and thus owed him civil service obligations, the Volunteer Department cannot be liable for the Fire District's failure to afford Maurer due process; and (2) if the Volunteer Department is determined to owe Maurer due process, he still does not fulfill the threshold requirements set forth in *Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658 (1978).  Because the Court concludes that if Maurer is not a de facto Fire District employee, he has no protected property interest in his employment with the Volunteer Department necessitating procedural due process, the Court does not address the second issue.

Maurer sued all original defendants under 42 U.S.C. § 1983 for violating his right to procedural due process before being fired. The Constitution prevents a state actor from depriving a person of life, liberty, or property without due process of law.  U.S. Const. amend. XIV.

When confronted with a procedural due process claim, a court must determine, first, whether the plaintiff has a property or liberty interest that cannot be taken away without procedural protections; and second, if so, how much process is due.  *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).

Maurer takes the position that he is the Fire District's de facto employee.[16]   As such, Maurer contends that he had a property interest in his de facto employment with the Fire District by virtue of his status as a classified civil service employee.[17]

"Civil-service employees have a property interest in maintaining their positions, and, accordingly, cannot be terminated without due process." *Casey v. Livingston Parish Commnc'n Dist.*, No. 07-30990, 2009 WL 577756, at *3 (5th Cir. Mar. 6, 2009) (citing *AFSCME, Council #17 v. State ex rel. Dep't of Health & Hosps.*, 789 So. 2d 1263, 1267-68 (La. 2001); *see also Vanderwall v. Peck*, 129 F. App'x 89, 91 (5th Cir. 2005) ("In Louisiana, a person acquires a protectable property interest in a government job . . . if the employee is classified under the state civil service system[.]").

The Louisiana Constitution provides that all municipalities and fire protection districts operating a "regularly paid fire department" must establish a classified civil service system.  La. Const. art. 10 § 16.  A state statute, La. Rev. Stat. § 33:2541, lists the positions deemed classified within fire protection

---

[16]   R. Doc. 99 at 53 ("TPG, acting through its special district, TPD2, is plaintiff's *de facto* employer.").

[17]   In his Second Amended Complaint, Maurer also contended he had a property interest in his employment by virtue of his status as a "fire employee" under the Louisiana Firefighter Bill of Rights.  Finding that Maurer was not a "fire employee" under the applicable statute, the Court previously dismissed Maurer's section 1983 due process claim grounded in the Firefighter Bill of Rights.  R. Doc. 97 at 45.

districts.   It includes all fire department positions for which "the right of employee selection, appointment, supervision, and discharge is vested in the government of the municipality, parish or fire protection district . . . under which the fire . . . service functions."  La. Rev. Stat. § 33:2541.

Relying on his de facto employee argument, Maurer's entitlement to classified civil service protections turns on two questions: (1) whether the Fire District "operated" a full-time, regularly paid fire department, and (2) whether the Fire District retained "the right of employee selection, appointment, supervision, and discharge" over Maurer.

As the Court explained in its March 2, 2015 orders addressing Maurer's motion to reconsider and defendants' motions to dismiss, the question whether a district "operated" a regularly paid fire department is a factual one, not appropriate for resolution on a motion to dismiss.[18]  *See Marshall v. W. Baton Rouge Parish Fire Prot. Dis. No. 1*, 988 So. 2d 85, 85 (La. 2009).  By incorporating into his Second Amended Complaint the 2013 blanket contract between the Fire District and the volunteer fire departments in its jurisdiction, Maurer pleads enough factual content to make plausible his allegation that the Fire District "operated" a

---

[18]     R. Docs. 97 at 34-36, 98 at 11-12.

regularly paid fire department.[19]  A conclusive determination requires the development of a factual record.

Likewise, for the reasons stated in two of the Court's previous orders, the documents attached to or incorporated by reference into Maurer's Second Amended Complaint plausibly support the inference that the Fire District also retained "the right of employee selection, appointment, supervision, and discharge" over Maurer.[20]  Therefore, Maurer may support his procedural due process claim against the Fire District with an alleged entitlement to civil service protection; his section 1983 claim against the Fire District can go forward.

To the extent the Court later determines that Maurer is not a de facto Fire District employee and is instead a Volunteer Department employee, his section 1983 procedural due process claim against the Volunteer Department must fail.  The Volunteer Department did not owe Maurer any procedural due process because Maurer did not have a protected property interest in his employment with the Volunteer Department.

Maurer attempts to rely on his status as a classified civil service employee to support his due process claim against the Volunteer Department as well.  But as the Court addressed in an earlier order, volunteer fire departments that contract with

---

[19]    R. Doc. 98 at 12.

[20]    R. Docs. 97 at 32-34, 98 at 12-14.

municipalities to provide fire protection services do not have a civil service requirement.[21] *See Heintz v. City of Gretna*, 683 So. 2d 296, 928 (La. App. 5 Cir. 1996). Volunteer fire departments "are 'operated' by their membership, and not by the municipality," and so need not establish a civil service system. *Id.* Because the Volunteer Department is not subject to civil service obligations, Maurer has no protected property interest in his employment with the Volunteer Department. *See, e.g.*, *Vanderwall*, 129 F. App'x at 91 (relying on the state civil service system to find an employee has a protected property interest in a government job). Without a constitutionally protected property interest, Maurer "cannot be deprived of due process and thus cannot maintain a § 1983 action" against the Volunteer Department. *See Klingler v. Univ. of S. Miss., USM*, No. 14-60007, 2015 WL 2169323, at *3 (5th Cir. May 11, 2015).

Consequently, relying on his status as a classified civil service employee, Maurer's only plausible due process claim is against the Fire District as his de facto employer. Maurer cannot rely on the civil service protections potentially owed to him by the Fire District to confer alternative liability on the Volunteer District. *See Heintz*, 683 So.2d at 928. Accordingly, Maurer's claim against the Volunteer Department must be dismissed.

---

[21]    R. Doc. 34 at 21.

V.    **CONCLUSION**

The Court GRANTS Independence Volunteer Fire Department's Motion to Alter or Amend the Court's March 2015 order.[22]  The Court dismisses Maurer's section 1983 procedural due process claim against the Volunteer Department.  Because this order resolves all of Maurer's claims against the Volunteer Department, the Court dismisses this defendant from the case.[23]  The Court DENIES AS MOOT the Volunteer Department's Rule 12(b)(6) motion to dismiss.[24]


New Orleans, Louisiana, this 7th day of July, 2015.


_Sarah Vance_
_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE

---

[22]    R. Doc. 100.

[23]    The Court previously dismissed the following defendants from this case: Independence, Jeremy Baham, Eric Anthony, Jonathan Tallo, Christopher McKinney, Anthony Parrozzo, and the Tangipahoa Parish Government.  _See_ R. Docs. 97-98.  The remaining defendants are Mayor Michael Ragusa, the Fire District, Nicholas Muscarello, Carlo Bruno, and Dennis Crocker.  _See id._

[24]    R. Doc. 101.